UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN NEVAREZ,

                                    Plaintiff,

                                                                                          DECISION AND ORDER

                                                                                          10-CV-6321L

                                    v.

SUPERINTENDENT C. HUNT,
CORR. OFFICER WALKER,
CORR. OFFICER TORRENS,
CORR. OFFICER BURGER,
CORR. OFFICER MARTINEZ,

                                    Defendants.
_____

       Plaintiff, John Nevarez, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued five individual defendants, all of whom were at all relevant times employed by DOCS. Plaintiff alleges that defendants violated his constitutional rights in connection with certain events that transpired in 2007 and 2008, while plaintiff was confined at Groveland Correctional Facility.

       Defendants have moved to dismiss some of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted.

**DISCUSSION**

**I. Motions to Dismiss: General Standards**

The standards applied to a motion to dismiss under Rule 12(b)(6) are well established. In deciding a motion brought under that rule, the "court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

Nonetheless, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. A "plausible" entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557 n. 5.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 1081 (2007)) (additional internal quotation marks omitted).

**II. Application to this Case**

**A. Access to Law Library**

In his first claim, plaintiff alleges that, apparently as a result of restrictions on his movement that were imposed after he was charged with certain disciplinary infractions, he was not allowed to use the prison law library. There is no freestanding right of prisoners to use a law library, however, and restrictions on an inmate's access to a law library will generally not give rise to a constitutional claim, unless those restrictions have the effect of denying the inmate meaningful access to the courts. *See Cafferky v. Pallito*, No. 09-CV-193, 2010 WL 3025567, at *4 (D.Vt. July 1, 2010), *Report and Recommendation adopted*, 2010 WL 3025566 (D.Vt. July 29, 2010); *Shell v. Brun*, 585 F.Supp.2d 465, 468 (W.D.N.Y. 2008).

"[T]o succeed on an access to the courts claim a prisoner must first demonstrate that an actual injury was suffered in order to have standing." *Melendez v. Haase*, No. 04 Civ. 00073, 2010 WL 5248627, at *7 (S.D.N.Y. Dec. 15, 2010) (citing *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001)). "A plaintiff can demonstrate that a defendant caused actual injury by showing that the defendant 'took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim.'" *Id.* (quoting *Montanez v. Cuoco*, 361 Fed.Appx. 291, 294 (2d Cir. 2010)). *See also Benjamin*, 264 F.3d at 184 (to establish a claim of inadequate access to the courts, an inmate must show that defendants' acts or omissions "'hindered his efforts to pursue a legal claim'–for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality." (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Plaintiff has alleged no such facts here. He simply alleges that he was not allowed "to attend the law library ... ." Dkt. #1 at 6. In the absence of any allegations that he was prejudiced as a result, this claim must be dismissed. *See Benjamin v. Kelly*, No. 11-CV-855, 2011 WL 809838, at * 2 (E.D.N.Y. Mar. 1, 2011) (dismissing complaint that did "not explain whether plaintiff was litigating, or attempting to litigate, an actual claim in a court when he was removed from the law library," and therefore did not allege a deprivation of the right to access the courts).

**B. Official-Capacity Claims**

On the form complaint, plaintiff checked the blanks indicating that he is suing defendants in their official rather than their individual capacities. Defendants have moved to dismiss all the claims against them in their official capacities.

Defendants' motion is granted in part. The law is well established that claims for damages against state employees in their official capacities are deemed to be claims against the state itself, and are barred by the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990); *Colon v. Zydell*, 635 F.Supp.2d 264, 267 (W.D.N.Y. 2009). To the extent that plaintiff seeks damages, then, plaintiff's claims against defendants in their official capacities are dismissed.

Plaintiff also seeks expungement of the various disciplinary tickets issued against him. An official-capacity claim for such equitable relief is not barred by the Eleventh Amendment. *See*, *e.g.*, *Jackson v. Johnson*, 30 F.Supp.2d 613, 618-19 (S.D.N.Y. 1998). While it is not clear at this point which official would have the power to effectuate such an expungement, the Court will allow plaintiff to proceed with his official-capacity claim against Superintendent Hunt, seeking such equitable relief. *See Barnes v. Fedele*, No. 07-CV-6197, 2011 WL 112426, at *3 (W.D.N.Y. Jan. 13, 2011) (allowing plaintiff's official-capacity claims to proceed, where it was not apparent which, if any, defendants might be empowered to give plaintiff the equitable relief that he sought). Plaintiff's official-capacity claims against the other defendants, all of whom are correction officers, are dismissed.[1]

---

[1]Although plaintiff did not check the line indicating that he was also suing defendants in their individual capacities, the Court construes the complaint, which seeks damages on each of plaintiff's claims, as asserting individual-capacity claims against all the defendants.

**C. Personal Involvement**

Defendant Hunt seeks dismissal of plaintiff's claims against him, on the ground that plaintiff has not alleged Hunt's personal involvement in the underlying violations. To state a claim against an individual defendant under § 1983, a plaintiff must allege facts demonstrating that individual's personal involvement in the alleged § 1983 violation. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the plaintiff's rights by failing to act on information indicating unconstitutional acts were occurring. *Colon*, 58 F.3d at 873.

In the case at bar, plaintiff has simply alleged in conclusory fashion that Hunt "allow[ed]" the alleged violations to occur. No facts are alleged to support that allegation, and I see no basis for a claim against Hunt. Plaintiff's claims against Hunt are therefore dismissed. *See Sowell v. Chappius*, 695 F.Supp.2d 16, 19 (W.D.N.Y. 2010); *Guarneri v. West*, 518 F.Supp.2d 514, 518 (W.D.N.Y. 2007); *Barnes v. Henderson*, 490 F.Supp.2d 313, 319 (W.D.N.Y. 2007).

**D. More Definite Statement**

Defendants also contend that to the extent that plaintiff's claims survive the motion to dismiss, plaintiff should be ordered to provide a more definite statement of his claim. Defendants' motion is denied.

Although *pro se* plaintiffs are not held to as stringent a standard of pleading as attorneys, *Haines v. Kerner*, 404 U.S. 519 (1972), "proceeding *pro se* does not relieve a plaintiff from satisfying the usual pleading requirements." *Strachova v. Metropolitan Museum of Art*, No. 98 CIV.

8505, 1999 WL 566305, at *6 (S.D.N.Y. Aug. 3, 1999), *aff'd*, 208 F.3d 204, 2000 WL 303203 (table) (2d Cir. 2000).  Thus, if a pleading fails to set forth allegations in a manner that provides sufficient notice to the defendants of the nature and basis of the plaintiff's claim, the usual course is to require the plaintiff to provide a more definite statement of his claim.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

In the case at bar, plaintiff alleges that "on various occasions" from November 2007 to May 2008, defendants Walker and Martinez refused to allow him to attend religious services because plaintiff "did not sign-up for it in person[.]" Dkt. #1 at 6-7.  He also alleges that from November 2007 to May 2008, defendants Torrens and Burger "ke[pt] giving [him] Diciplinary tickets one after another ... all total 18 tickets ... ." Dkt. #1 at 8.

While those allegations are somewhat sparse, a court, in ruling on a motion to dismiss under Rule 12(b)(6), may consider not just the complaint itself, but "any written instrument attached to it as an exhibit ... ." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).  Here, plaintiff has attached to the complaint copies of grievances, misbehavior reports, and other documents relating to his claims. Bearing in mind the liberality with which *pro se* pleadings are construed, I believe that the complaint, including these documents, sufficiently puts defendants on notice of the nature of and basis for plaintiff's claims.  Defendants' motion for a more definite statement is therefore denied.[2]

## CONCLUSION

Defendants' motion to dismiss or for a more definite statement (Dkt. #12) is granted in part and denied in part.  Plaintiff's first cause of action, alleging a denial of access to the prison law library, is dismissed.  Plaintiff's claims against defendants Walker, Torrens, Burger and Martinez

---

[2] That is not to say that plaintiff's claims are meritorious on their face or that they may not be subject to dismissal on some other ground at some point.  My ruling here is limited to the motions before me, however.

in their official capacities are dismissed.  All the claims against defendant Hunt in his personal capacity are dismissed.  In all other respects, defendants' motion is denied.

    IT IS SO ORDERED.

                                              _____
                                                    DAVID G. LARIMER
                                                United States District Judge

Dated: Rochester, New York
       March 16, 2011.