UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN NEVAREZ,

                              Plaintiff,

                                                                               DECISION AND ORDER

                                                                                        10-CV-6321L

                        v.

SUPERINTENDENT C. HUNT, et al.,

                              Defendants.
_____

       This is a *pro se* civil rights action by a former inmate who, at the time that the complaint was filed, was in the custody of the New York State Department of Correctional Services. Plaintiff John Nevarez, who has since been released from custody and is apparently living in an apartment in the Bronx, alleges that defendants prevented him from using the Groveland Correctional Facility law library, prevented him from attending religious services, and otherwise violated his constitutional rights.

       Defendants have moved to dismiss the complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. The basis for the motion is that plaintiff failed to appear for a video deposition that had been noticed for August 28, 2012.

       "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" *Salahuddin v. Harris*, 782 F.3d 1127, 1131 (2d Cir. 1986). Dismissal is one such option, but the Second Circuit has made clear that dismissal "is a harsh remedy to be used only in extreme situations," where there is evidence of "willfulness, bad faith, or any fault on the prospective deponent." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In addition, "[t]he plain language of Rule 37(b) requires

that a court order be in effect before sanctions are imposed," and the Second Circuit "ha[s] clearly held that 'dismissal under this subdivision [is] improper in the absence of an order.'" *Salahuddin*, 782 F.3d at 1131 (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2nd Cir. 1977)).

In the case at bar, defendants' attorney states that when plaintiff failed to appear for the video deposition, counsel was able to reach plaintiff by telephone, and that plaintiff informed him that he was unable to attend the deposition because of a longstanding medical appointment. Dkt. #28-1 ¶ 7. Counsel states that plaintiff had not previously made any mention of such an appointment. In his response to defendants' motion to dismiss, plaintiff does not deny or dispute the facts as recited by defense counsel, but instead discusses the merits of his claims in this action. Dkt. #32.

In view of the Second Circuit's preference for deciding cases on the merits, *see Robertson v. Dowbenko*, 443 Fed.Appx. 659, 660 (2d Cir. 2011), I decline to grant defendants' motion to dismiss. Although not proper, plaintiff's failure to attend the deposition does not appear to be part of a pattern of noncompliance with court orders. It further appears that the parties have continued to litigate this case and that plaintiff has not abandoned his claims or ceased to prosecute the action. *Cf. Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (affirming dismissal sanction after a pro se plaintiff failed to appear for his deposition, in light of plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action").

Nevertheless, I also conclude that some penalty is warranted here. Plaintiff's nonappearance at the deposition may not have been occasioned by bad faith, but neither was it completely excusable. Plaintiff has not demonstrated any reason why he could not have apprised defense counsel of his medical appointment sooner, or sought to reschedule either that appointment or the deposition itself.

The Court of Appeals has directed district courts to consider "the efficacy of lesser sanctions" than dismissal in deciding upon an appropriate penalty under Rule 37. "[S]o long as a warning has been given that noncompliance can result" in a sanction, *Valentine*, 29 F.3d at 50, some sanction is

appropriate.  In the case at bar, the Court's July 10, 2012 Scheduling Order (Dkt. #22), which provided that "[t]he defendants may depose the plaintiff" upon reasonable notice, *id.* ¶ 2, did warn the parties that "if a party ... fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party ... ." *Id.* ¶ 9.

Among the sanctions that may be imposed under Rule 37, in addition to dismissal, are deeming facts admitted, precluding evidence, striking pleadings, and imposing costs, including attorney's fees, incurred by the moving party as a result of the opponent's failure to obey a court order or to provide discovery.  "Such costs 'must' be imposed against the offending party 'unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Dixon v. Albany County Bd. of Elections*, No. 08-CV-502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (quoting Fed. R. Civ. P. 37(b)(2)(C)).

In the case at bar, I conclude that the imposition of costs is an appropriate sanction for plaintiff's unexcused failure to appear for his deposition.  As outlined in the declaration of defense counsel, preparation for the deposition necessitated considerable time and effort, much of it occasioned by counsel's willingness to accommodate plaintiff, by conducting the deposition via video, so that plaintiff could appear at a location relatively close to his home.  *See* Dkt. #28-1 ¶¶ 6-9. Having inconvenienced defense counsel as well as, presumably, other persons involved in setting up the video equipment and preparing to record plaintiff's testimony, it is plaintiff who should bear the costs incurred as a result of his own failure to appear.

At this point, however, there is nothing in the record upon which the Court can determine the amount of costs that should be assessed against plaintiff.  Accordingly, the Court directs defense counsel to submit further documentation in that regard, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

Defendants' motion for an order dismissing this action and for other relief (Dkt. #28) is granted in part and denied in part. Insofar as defendants seek an order dismissing the complaint, the motion is denied. The Court grants defendants' motion for other relief under Rule 37 of the Federal Rules of Civil Procedure, and directs defense counsel to submit to the Court documentation regarding defendants' costs stemming from plaintiff's failure to appear for his scheduled deposition on August 28, 2012. Such documentation shall be filed with the Court and sent to plaintiff no later than February 25, 2013. Plaintiff may submit a response to the damage submission by March 8, 2013.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 6, 2013.