UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN NEVAREZ,

                        Plaintiff,

                                                              DECISION AND ORDER

                                                              10-CV-6321L

                        v.

SUPERINTENDENT C. HUNT, et al.,

                        Defendants.
_____

       On February 6, 2013, the Court issued a Decision and Order (Dkt. #40) granting in part and denying in part defendants' motion for an order dismissing this *pro se* civil rights action and for other relief (Dkt. #28). The Court denied defendants' motion for an order dismissing the complaint, but granted defendants' motion under Rule 37 of the Federal Rules of Civil Procedure for an award of costs stemming from plaintiff's failure to appear for his scheduled deposition on August 28, 2012. The Court gave defendants until February 25, 2013 to submit documentation regarding their costs stemming from plaintiff's failure to appear for his scheduled deposition on August 28, 2012, and gave plaintiff until March 8, 2013 to respond.

       On February 19, 2013, defendants submitted a declaration of their attorney, together with supporting documentation, stating that defendants incurred attorney's fees and costs in the amount of $125 as a result of plaintiff's failure to appear for his scheduled deposition. Dkt. #41. Plaintiff has not submitted any response to defendants' submission.

       "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" *Salahuddin v. Harris*, 782 F.3d 1127, 1131 (2d Cir. 1986). As the Court stated in its February 6 Decision and Order, "the imposition of costs is an appropriate sanction for plaintiff's unexcused failure to appear for his deposition," particularly since "preparation for the deposition necessitated considerable time and

effort, much of it occasioned by counsel's willingness to accommodate plaintiff, by conducting the deposition via video, so that plaintiff could appear at a location relatively close to his home." Dkt. #40 at 3.

In addition, Rule 37(d)(3) provides that where a party fails to attend his own deposition, "the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure ... ." *See*, *e.g.*, *Marcelle v. American Nat. Delivery, Inc.*, No. 3:09-cv-82, 2009 WL 4349985, at *3 (M.D.Fla. Nov. 24, 2009) (awarding plaintiff reasonable attorney's fees and costs incurred as a result of defendant's failure to appear fro properly noticed deposition); *Sharp v. Mazzola*, No. CIV S-06-0236, 2008 WL 1901286, at *1 (E.D.Cal. Apr. 29, 2008) (ordering plaintiff to pay defendants $2276.32 in costs incurred by defendants in connection with deposition of plaintiff at which he refused to cooperate or participate).

Having reviewed defendants' most recent submission, I find the amount requested, $125, to be reasonable. I therefore award defendants attorney's fees and costs in the amount of $125.

## CONCLUSION

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and this Court's Decision and Order of February 6, 2013 (Dkt. #40), the Court hereby directs plaintiff to pay defendants one hundred twenty-five dollars ($125) in attorney's fees and costs, within sixty (60) days of the date of entry of this Decision and Order. Payment is to be made by money order payable to "New York State," addressed to J. Richard Benitez, Esq., Assistant Attorney General, 144 Exchange Boulevard, Rochester, New York 14614. The Court also expressly warns plaintiff that failure to pay timely the sum ordered here, or any further noncompliance with the Federal Rules of Civil Procedure or orders of this Court will result in dismissal of his complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 16, 2013.