UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN NEVAREZ,

                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    10-CV-6321L

                    v.

SUPERINTENDENT C. HUNT, et al.,


                                    Defendants.
_____


        On February 6, 2013, the Court issued a Decision and Order (Dkt. #40) granting defendants'

motion under Rule 37 of the Federal Rules of Civil Procedure for an award of costs stemming from

plaintiff's failure to appear for his scheduled deposition on August 28, 2012.  The Court gave

defendants time to submit documentation regarding their costs, and gave plaintiff time to respond.

        After both sides filed their respective submissions, the Court issued another Decision and

Order on April 16, 2013 (Dkt. #42), directing plaintiff to pay defendants $125 in attorney's fees and

costs, stemming from his failure to appear for his deposition, within sixty days of the date of entry

of that Decision and Order.  The Court also "expressly warn[ed] plaintiff that any further

noncompliance with the Federal Rules of Civil Procedure or orders of this Court w[ould] result in

dismissal of his complaint."

        Defendants have now moved to dismiss the complaint, based on plaintiff's failure to pay the

$125 awarded in this Court's April 16 Decision and Order.  Plaintiff has filed a response to the

motion.  (Dkt. #48.)

                In his response, plaintiff does not contend that he has paid the $125 cost award.

Instead, he refers generally to unspecified "dilatory tactics" of the defendants, and asserts, without

specifics, that "the actions of Defendants prohibited Plaintiff from complying with the rules of the Court." Dkt. #48 at 1. He also makes reference to some past medical problems that he has had, and to his status as a military veteran. *See id.*

The Court has already addressed plaintiff's failure to appear for his deposition, however, and has directed him to pay $125 in attorney's fees. Plaintiff has presented no good reason for his failure to comply with that order. The time has passed for plaintiff to attempt to justify his nonappearance at the deposition, and, in any event, I find no basis in the record to excuse that nonappearance.

The award of costs was intended to be a less severe penalty than dismissal, and plaintiff's unjustified failure to pay that award warrants the more severe sanction of dismissal. Plaintiff has been put on clear notice that his "failure to pay timely the sum ordered [in the February 6 Decision and Order] ... will result in dismissal of his complaint." Dkt. #42 at 2. He has given no sound reason for his failure to do so, and I therefore grant defendants' motion to dismiss. *See Case v. Town of New Hartford*, No. 10-CV-1102, 2012 WL 2325829, at *6-*7 (N.D.N.Y. May 17, 2012), *Report and Recommendation Adopted*, 2012 WL 2324936 (N.D.N.Y. June 19, 2012).

CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #46) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 27, 2014.